**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:19cr62-MHT** |
| | ) | **(WO)** |
| **THOMAS WILLIAM GRIER** | ) | |

**OPINION AND ORDER**

Defendant Thomas William Grier has been indicted on one count of aiding and abetting another, and being aided and abetted by another, in the possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and (2). This case is now before the court on defense counsel's motion for a mental-competency examination. The court held a hearing on the motion on July 18, 2019. For the reasons explained below, the court will order this examination as well as, if feasible, other mental-health examinations.

A.

A court may order a competency evaluation on a party's motion "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The court may order a defendant to be committed for a reasonable period to the custody of the Attorney General to be placed in a suitable Bureau of Prisons (BOP) facility for this competency examination. *See* 18 U.S.C. §§ 4241(b), 4247(b).

Grier has been diagnosed with post-traumatic stress disorder to the extent that the Veterans Administration considers him disabled. He is prescribed psychotropic medication, which it appears he is not receiving in the

jail where he is currently being held.  Defense counsel reports that, during several meetings with him, Grier "has demonstrated erratic behavior and a failure to comprehend and appreciate a realistic view of the evidence, its weight, and the relevant law" and has been emotionally labile, loud, jumpy, and constantly moving.  Motion to Determine Competency (doc. no. 38) at 2-3.

Based on these representations, the court finds reasonable cause to believe Grier may not be competent to stand trial.  The court will, therefore, order him committed to the custody of the Attorney General for competency evaluation at a BOP mental-health facility, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).  Once the examination is complete, the examiner shall prepare a psychological report and file this report with the court and with counsel, pursuant to § 4247.  This report should include a description of the psychological and medical tests administered and their results; the examiner's findings, diagnosis, and

3

prognosis of Grier's mental condition; and the examiner's opinions as to whether, given the demands that may be made on Grier throughout this prosecution, Grier is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

B.

If, after this evaluation, the court were to find that Grier is incompetent to stand trial, the court would then be required to commit him again to the custody of the Attorney General, and again he would be hospitalized for treatment in a suitable facility in order to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1). The court wishes to avoid the further delay and inconvenience to the

parties and to the court of another potential commitment, including the extra time required to transport Grier from the BOP mental-health facility back to the local jail in this district and then back to the mental-health facility again. Thus, the court will order that, *if the BOP examiner finds Grier incompetent*, the examiner should, if possible and practicable as allowed by the applicable statutory time constraints, *see* 18 U.S.C. § 4241(b), and without an additional court order, immediately conduct a restoration evaluation pursuant to 18 U.S.C. § 4241(d)(1) to determine if there is a substantial probability that, in the foreseeable future, Grier will regain competency. However, If the evaluator concludes that Grier is incompetent to stand trial but is unable, for whatever reason, to reach the related issue of restoration, the BOP should, if feasible, still hold Grier at the evaluation site so that a competency hearing can promptly be held by video-conferencing. This will allow the court to order a restoration

evaluation, if appropriate, without first transporting Grier back to the local district.

C.

Should the evaluator find Grier competent to proceed, the evaluator should, if feasible, immediately perform a study of him pursuant to 18 U.S.C. § 3552(b), to avoid any additional delay from having to recommit Grier for this study. This court has held that, where there is a reasonable basis to believe that a defendant's mental disease or defect--including a substance-abuse disorder--contributed to the conduct underlying his or her conviction, the court should order a mental-health evaluation. *See United States v. Kimbrough*, No. 2:07cr260, 2018 WL 989541 (M.D. Ala. Feb. 20, 2018) (Thompson, J.); *see also United States v. Mosley*, 277 F. Supp. 3d 1294 (M.D. Ala. 2017) (Thompson, J.) (discussing the issue of substance-abuse disorders in further detail). Here, Grier has received a diagnosis of post-traumatic stress disorder after

serving multiple tours of duty in the United States Marines and has a history of using methamphetamines.

Should Grier be found competent to proceed and be convicted, the court would order such a study to aid in fashioning an appropriate sentence, by helping to determine (1) whether and how Grier's mental disorder(s) should mitigate his sentence; and (2) what type of treatment, if any, he should receive during supervised release to prevent further criminal activity and assist with rehabilitation.* The BOP's recommendations should, therefore, focus on the dual, overlapping issues of mitigation and treatment: the role, if any, Grier's mental disorders may have played in his charged conduct, and what treatment is recommended for him in light of his individual characteristics and history.

---

* In the past, the court has framed the mitigation issue as one of "culpability," *see, e.g., United States v. Mosley*, 277 F. Supp. 3d 1294, 1295-96 (M.D. Ala. 2017), but that framing has resulted in some confusion. The new wording is meant to convey the idea more clearly.

7

18 U.S.C. § 3552(b) authorizes the court, upon a defendant's conviction, to order that a pre-sentencing study be done by the BOP upon the finding of a "compelling reason" or where there are no adequate professional resources available in the local community to perform the study. In this case, the court seeks a comprehensive, longitudinal evaluation of Grier's mental health to assess not only whether he suffers from a substance-abuse disorder and any co-occurring mental disorders or cognitive deficits, how these disorders interact, if at all, and to assist in the development of a specialized treatment plan, in light of his post-traumatic stress disorder and any other disorders, that will help to ensure that he does not continue to violate the law. There are no local resources available that can provide such a specialized, comprehensive, and longitudinal evaluation in the local jail, where Grier is currently being detained. Because there are no adequate professional resources available at the local jail, and because

Grier will already be in BOP custody for the competency evaluation, the court need not reach the issue of whether there is a "compelling reason" for the inpatient study.

### D.

In conclusion, the court wants the BOP to conduct evaluations determining the following: (1) Grier's competency to stand trial; (2) if necessary, a restoration evaluation; (3) how his mental illness or substance-abuse may mitigate his offense conduct; and (4) what type of treatment, if any, he should receive during supervised release to assist in his rehabilitation. All of these evaluations should be conducted while Grier is at the BOP, in one stay (reasonably prolonged if necessary and feasible but within the time allowed by applicable law), and, thus, without having to transfer him back and forth between the examination site and the local jail and so as to avoid unnecessary delay.

**\* \* \***

**Accordingly, it is ORDERED that defendant Thomas William Grier's motion for mental competency exam (doc. no. 38) is granted as follows:**

**(1) Pursuant to 18 U.S.C § 4241, the United States Marshal for this district shall immediately transfer defendant Thomas William Grier to the custody of the warden of a Federal Medical Center, where he is to be committed for the purpose of being examined by one or more qualified psychiatrists or psychologists at the institution to assess his competency to stand trial, his restorability, the effect of his mental illness and substance abuse on his culpability, and recommended treatment. The statutory time period for the examination shall commence on the day defendant Grier arrives at the designated institution.**

(2) With regard to defendant Grier's mental-competency evaluation:

    (A) Defendant Grier will be examined for a reasonable period by a licensed or certified psychiatrist or psychologist, pursuant to the provisions of 18 U.S.C. § 4241(b) and § 4247(b) & (c).

    (B) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. § 4241(b) and § 4247(b) & (c). The report shall include an opinion on whether defendant Grier is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) If the mental-competency report includes the opinion that defendant Grier is mentally incompetent:

(A) The examiner shall also, if practicable, provide in the competency report his or her opinion as to whether there is a substantial probability that, in the foreseeable future, defendant Grier will attain the capacity to permit the proceedings to go forward, pursuant to 18 U.S.C. § 4241(d)(1).

(B) The court strongly urges the BOP to conduct the restorability evaluation immediately upon concluding that the defendant is incompetent. If the examiner is unable to complete the restoration evaluation at that time, the BOP shall hold the defendant at the facility, and the court will hold a video-conference competency hearing to resolve the competency issue, so that, if needed, a restoration evaluation can be ordered without first transporting defendant Grier back to the district.

(4) Should the examiner find the defendant competent, the examining psychiatrists or psychologists shall evaluate defendant Grier's psychological condition pursuant to 18 U.S.C. § 3552(b) for the purposes of

sentencing and shall include their findings in a report to be presented to this court.

(A) To assist the court in determining whether and to what extent, if any, his mental condition should mitigate his sentence, the study shall discuss his mental-health history and characteristics, and shall particularly address (i) whether he suffers from any mental disorders, (including mental illness, substance-abuse disorders and cognitive deficiencies) and if so, which one(s); (ii) if he more than one mental disorder, how, if at all, his disorders relate to or interact with each other, including whether a mental disorder(s) may be viewed as having caused, led to, or contributed to his substance-abuse disorder, if any; (iii) the effect, if any, of defendant Grier's previous incarcerations on his mental disorder(s), and the likely impact of future incarceration on his disorders and prognosis; (iv) what role, if any, his mental disorder(s) played in

his commission of the charged offenses; (v) and whether and how his mental disorder(s) may impact his ability to comply with the conditions of supervision, such as refraining from criminal activity, avoiding substance abuse, and regularly reporting.

(B) In addition to assessing whether defendant Grier suffers from mental disorder(s), the study shall provide recommendations for treatment and supportive services to be provided to him while on supervised release. The study should address--in light of his personal characteristics, history, circumstances, substance abuse, and mental health--(1) which treatment modalities, treatment settings, and supportive or other services are likely to be most effective in helping him to refrain from violating the law and the conditions of supervised release, including the prohibition on illegal drug use, and to become a more functional member of society ; (2) which specific BOP programs

are recommended, and why, in the event that he is incarcerated for an extended period of time, *see* https://www.bop.gov/inmates/custody_and_care/docs/20170914_BOP_National_Program_Catalog.pdf (describing BOP programs); and (3) if he has a substance-abuse disorder, whether, assuming sincere and good faith efforts on the part of Grier, relapse is to be reasonably expected.  Among other issues, the study shall address whether there is any medication that can be used in conjunction with any other treatment to address his mental disorder(s).

**DONE, this the 29th day of July, 2019.**

                                                /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**