IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:19cr62-MHT |
| | ) | (WO) |
| THOMAS WILLIAM GRIER | ) | |

OPINION AND ORDER

This case is before the court on defendant Thomas William Grier's second motion to continue the trial date. For the reasons set forth below, the court finds that his upcoming jury trial, now set for February 24, 2020, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

1

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Grier in a speedy trial.

The court previously granted Grier's motion to continue trial in order for him to receive a mental competency evaluation. *See* Opinion and Order (doc. no. 43). After receiving the report of the evaluation, the court found Grier competent to proceed, *see* Opinion and Order (doc. no. 59), and set a trial date of February 24, 2020. *See* Order (doc. no. 54). On January 27, 2020, the magistrate judge granted Grier's prior counsel's motion to withdraw and appointed Grier new counsel. *See* Order (doc. no. 73). At a hearing on the record on February 4, 2020, Grier's new counsel represented that Grier has asked her to investigate additional suppression issues not previously explored. She also stated that this case is likely to go to trial and, having only recently received the discovery, she will need more than the 20 days before the current trial date to prepare. Grier himself also acknowledged that, though he is incarcerated pending trial, he still agrees to a continuance. A second continuance is, therefore, warranted so that Grier's new counsel may investigate

his concerns regarding his prior motion to suppress as well as prepare for trial. Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue (doc. no. 67), filed by defendant Thomas William Grier, is granted.

(2) The jury selection and trial for defendant Grier, now set for February 24, 2020, are reset for April 27, 2020, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct another pretrial conference in advance of the April 27, 2020, trial term and shall reset the deadline for entering a change of plea and any other appropriate deadlines.

DONE, this the 6th day of February, 2020.

      /s/ Myron H. Thompson
      UNITED STATES DISTRICT JUDGE